UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RICHARD FIGUEROA, on his own behalf
and others similarly situated,

    Plaintiff,

v.

CONQUEST FINANCIAL MANAGEMENT
CORP., d/b/a SOURCE OUTDOORS, a Florida
profit corporation and GERALD SHVARTSMAN,
Individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, RICHARD FIGUEROA ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, CONQUEST FINANCIAL MANAGEMENT CORP., d/b/a SOURCE OUTDOORS, a Florida profit corporation ("CONQUEST") and GERALD SHVARTSMAN, individually (collectively "Defendants") and states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Broward County, Florida.

4. At all times material hereto CONQUEST was a Florida Corporation company. Further, at all times material hereto, CONQUEST was engaged in business in Florida, with a principal place of business in Florida.

5. CONQUEST is a furniture reupholster company doing business in Miami-Dade County Florida. As a result of the products and services provided by CONQUEST, two or more of its employees regularly handled and worked with goods and materials moved in or produced in commerce.

6. At all times relevant to this action, GERALD SHVARTSMAN was an individual resident of the State of Florida, who owned and operated CONQUEST, and who regularly exercised the authority to: (a) hire and fire employees of CONQUEST; (b) determine the work schedules for the employees of CONQUEST; and (c) control the finances and operations of CONQUEST. By virtue of having exercised that authority on behalf of CONQUEST, GERALD SHVARTSMAN is an employer as defined by 29 U.S.C. 201 et. seq.

7. At all times material hereto, Plaintiff was engaged in commerce within the meaning of §6 and §7 of the FLSA. Specifically, Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the State of Florida.

8. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants were Plaintiff's employer within the meaning of the FLSA.

10. At all times material hereto, Defendants were, and continues to be an enterprise engaged in commerce within the meaning of the FLSA. Specifically, Defendants purchased goods and equipment manufactured outside the State of Florida.

11. At all times material hereto, Defendants were and continue to be an enterprise engaged in the production of goods for commerce within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants were in excess of $500,000.00 per annum during the relevant time periods.

13. The additional persons who may become plaintiffs in this action are/were laborers employees of Defendants, who held similar positions to Plaintiff, and who worked in excess of forty (40) hours during one of more work weeks during the relevant time periods but who did not receive pay at one and a half times their regular rate for their hours worked in excess of forty (40).

14. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendants.

## STATEMENT OF FACTS

15. From approximately May 2009 to the present, Plaintiff was employed with Defendants as an hourly paid laborer.

16. From approximately May 2009 to the present, Plaintiff was not paid his full and proper overtime compensation. Instead, Plaintiff was paid straight time of his regular rate of pay, for his overtime hours worked. Plaintiff seeks to recover his unpaid overtime compensation for the period from May 2009 to present date.

17. At various material times within the last 3 years, Plaintiff worked for Defendants in excess of forty (40) hours within a work week. Plaintiff punched a time clock during this time

period, therefore Defendants are in possession of or has access to the total number of overtime hours worked by Plaintiff.

18. During Plaintiff's employment, Defendants failed to compensate Plaintiff at the rate of one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the rate of one half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

19. Defendants have violated Title 29 U.S.C. §207 from at least May 2009 and continuing to date, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period in which he was employed with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) per work week as provided by the FLSA; and

20. Plaintiff has retained THE LAW OFFICES OF ROBERT RUBENSTEIN, P.A to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff realleges and reavers paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. From May 2009 to the present, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one half times Plaintiff's regular rate of pay.

23. Plaintiff was, and is entitled to be paid at the statutory rate of one half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40).

24. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) per week, plus liquidated damages.

25. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

26. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

27. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) hours or more hours in a work week, Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants; jointly and severally:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## RETALIATION

28. Plaintiff adopts all allegations in paragraph 1 through 27.

29. After complaining to Plaintiff's supervisor, Alex (last name unknown), regarding the non-payment of overtime wages, Defendants have illegally retaliated against Plaintiff.

30. Specifically, in retaliation for Plaintiff's legitimate complaint regarding Defendants' illegal failure to pay overtime wages, Defendants continue to reduce Plaintiff's scheduled work hours and write him up for issues Plaintiff was disciplined for prior to the complaint.

31. Such actions taken by Defendants are motivated by and the result of Plaintiff enforcing his rights pursuant to the FLSA.

32. Defendants' retaliation against Plaintiff is in violation of 29 U.S.C. §215(a)(3).

33. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants; jointly and severally:

  a. Declaring, pursuant to 29 U.S.C. §§2201 and 2201, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  b. Awarding Plaintiff overtime and minimum wage compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

  c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

  d. Awarding Plaintiff appropriate damages as a result of Defendants' illegal retaliation;

  e. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  f. Awarding Plaintiff pre-judgment interest;

  g. Ordering any other further relief the Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF

34. Plaintiff adopts all allegations in paragraph 1 through 33.

35. Plaintiff and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

36. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§2201-2202.

37. Plaintiff may obtain declaratory relief.

38. Defendants employed Plaintiff.

39. Defendants are an enterprise.

40. Defendants failed to pay Plaintiff for all hours worked.

41. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

42. Defendants did not rely upon a good faith defense.

43. Plaintiff is entitled to an equal amount of liquidated damages.

44. It is in the public interest to have these declarations of rights recorded.

45. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

46. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

47. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked over forty hours in a work week without receiving correct overtime compensation pursuant to the FLSA, Defendants have a legal duty to pay Plaintiff overtime compensation pursuant to the FLSA, Defendants failed to prove a good faith defense, Plaintiff is entitled to overtime compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

DATED this _4th_ day of October, 2012.

Respectfully submitted,

Kelly Amritt, Esq.
Florida Bar No.: 0648779
LAW OFFICES OF ROBERT RUBENSTEIN, P.A.
2 South University Drive, Ste. 235
Plantation, Florida, 33324
Telephone: (954) 661-6000/ Facsimile: (954) 515-5787
Email: kelly@robertrubenstein.com